CEPEDA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 59.—Decided June 23, 1910.

REFUSAL TO RECORD INSTRUMENT—PRESENTATION OF NEW INSTRUMENTS.—Where the record of a document is denied admission on the ground that certain legal requirements are not complied with, additional instruments may be presented to the registrar to cure such defects, but if in the additional documents presented the necessary requirements are not complied with, the first classification will not be changed.

JUDGMENT NULL AND VOID—FAILURE TO SUMMON DEFENDANT.—A judgment rendered against a deceased defendant who had not been summoned, is null and void and cannot produce any legal effect whatever.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This appeal was taken by Amalio Cepeda Lanzó from a ruling of the Registrar of Property of San Juan, First Section, denying the inscription of certain documents in the registry which appellant claims show title in him to a certain tract of land lying in the district of Loíza..

The first document presented for registration was a marshal's deed purporting to convey the said tract of land; but the registrar refused to admit it to registration further than as a conveyance of an undivided half interest in the property.

The ruling of the registrar is as follows:

"The record of the foregoing document has been made in favor of Amalio Cepeda y Lanzó, with regard to the share of the property, which, as an undivided half of property acquired during the marriage, belonged to Bernabé Torres; and refused with regard to the share made up by the other half and the house, palms and fruit trees, because the latter share is not recorded in favor of anyone, nor in favor of the heirs, successors, or assigns of Bernabela Ayende; and there has been entered the cautionary notice for 120 days; and it has been stated therein, as a remediable defect, that the death certificate of the ancestor, Bernabela Ayende, had not been presented; all of which has been entered on folio 109, of volume 6 of Loíza, property 324, 3d entry. San Juan, P. R., June 5, 1909. The Assistant Registrar, (Signed) Rafael Tirado Verrier."

The appellant took an appeal from this order, but attempted to heal the defects in his deed of conveyance by a suit in the municipal court and a judgment rendered therein and a confirmatory deed by the marshal; and presented all these documents together for registration.

The registration was again refused in a ruling by the registrar reading as follows:

"The amendment to the foregoing note of refusal, which is requested by virtue of the new judgment and deed of ratification, accompanying the petition, is not allowed, for the reason that, inasmuch

-as this office has already rendered its decision concerning the preceding document, and the proper appeal has not in due time been taken from said decision as it appears in the note referred to; and as the proper cautionary notice has been entered in consequence of the said refusal, the decision of the registrar appears to have been accepted, according to which decision, on account of the death of Bernabela Ayende y Calcaño, in favor of whom the said property appears recorded in the registry of property as property acquired during her marriage with Bernabé Torres, the share belonging to said Bernabela Ayende y Calcaño must be recorded in favor of her heirs, successors or assigns; and, therefore, so long as this requisite has not been complied with, it cannot be held that the legal impediment, which was the reason for the refusal of the registrar, has disappeared; nor is it proper to register the document referred to. In the present condition of this matter, the fiction, which consists in rendering a new judgment, declaring that the previous judgment is to be considered as having been rendered against the decedent, does not suffice to obviate the difficulty above-mentioned, inasmuch as it is naturally impossible to presume that the decedent had been summoned, and that, in consequence of said summons, the court, which rendered the amended judgment, had acquired jurisdiction over the same. It is not proper, either, to enter a new cautionary notice, for the reason that the provision of section 7 of the law relating to appeals from decisions rendered by registrars of property, which was approved on March 1, 1902, has already previously been complied with; and because such notices cannot be repeated, according to a decision rendered by the Directorate of Registries of Spain, on March 30, 1878. San Juan, Porto Rico, May 9, 1910. The Registrar, (Signed) José V. Belaval.''

From this ruling the administrative appeal, now under consideration, was duly taken.

As reasons for appealing and grounds for a revocation of the ruling of the registrar the appellant sets out the following:

''1. We think that the registrar has committed an error when he refused to record the documents presented, on the ground that the deed of judicial sale had been already passed upon by another registrar, whose ruling had been accepted, without in the least taking into consideration the supplementary documents which were presented, together with said deed, in the registry.

"2. When the record of a document is refused, the parties interested in the same have a right to add new documents and illustrate those already presented, executing supplementary deeds, filing complaints, or may avail themselves of any other legal means tending to remedy the defects pointed out, in order to obtain the final record of the document whose record is refused.

"3. The doctrine set up in the ruling appealed from deprives the appellant of the right to amend the documents in order to remedy any defects, because, if, notwithstanding the addition of new documents and the remedying of defects the previous ruling should prevail, we should come to the conclusion that after the record of a document has been refused said document could never again be recorded, unless said ruling refusing the record were revoked by the Supreme Court.

"4. The defect that caused the first refusal was remedied by the documents subsequently presented in the registry, because, the property appearing in the record in favor of Bernabela Ayende, final judgments are presented against Bernabé Torres, his wife, Bernabela Ayende, or her heirs, successors or assigns, by virtue of which the marshal on behalf of all the parties already mentioned—that is to say, the defendants—and assuming the personal capacity of the same, ratified the deed of judicial sale executed by him in favor of the plaintiff Amalio Cepeda.

"5. The documents have been presented a second time in the registry, complete and in proper form for their record; and this is shown by the fact that the registrar has not stated in his ruling that such documents had any defects whatever to prevent their record."

We cannot say that the registrar did not take into consideration the supplementary documents presented with the deed for registration. From the ruling it appears that the same were considered and found insufficient; because the share in the property which had belonged to Mrs. Bernabela Ayende y Calcaño, deceased, had not been registered in favor of her heirs, and that the second confirmatory judgment could not be considered as valid against the deceased ancestor, having been rendered after her demise and necessarily without summons served on her, the court having no jurisdiction over her in this case.

It is true that on the refusal of the registration of a document new supplementary instruments may be procured and

presented in support of the original and to supply any defects found therein. But their sufficiency must be passed on, and if it appears that the defects first found to exist are not considered to have been cured, the refusal cannot be withdrawn.

Nor is it perceived that the appellant was deprived of his right to amend his documents or to cure their defects; the registrar merely determined that the amendments made were not sufficient to cure the defects and that the documents taken altogether were still inadmissible to registration.

The confirmatory judgment was regarded as void for want of jurisdiction; and the confirmatory deed of the marshal, based thereon, held to be void for want of proper support or authority.

The ruling of the registrar has not been properly understood by the appellant, or, at least, not correctly interpreted. It is as full and clear as need be and is, in our opinion, correct and should be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not take part in the decision of this case.